**Danny D. LANGSTON, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 04–3022.

United States Court of Appeals, Federal Circuit.

DECIDED: June 14, 2004.

Before MAYER, Chief Judge, MICHEL, Circuit Judge, and PLAGER, Senior Circuit Judge.

PER CURIAM.

Petitioner Danny Langston appeals from the final decision of the Merit Systems Protection Board ("Board"), *Langston v. Dep't of the Army,* Docket No. DC–0432–98–0417–X–1, 2003 WL 22053055 (M.S.P.B. Aug.22, 2003), declining to disturb the Recommendation of an administrative judge, *Langston v. Dep't of the Army,* Docket No. DC–0432–98–0417–B–2 (MSPB Sept. 15, 2000), which determined that Petitioner could not reinstate his appeal, which was dismissed pursuant to a settlement agreement, unless he first returned the money he received pursuant to the settlement agreement, and therefore that, rather than rescission, enforcement of the settlement agreement was the only available and appropriate remedy for the Department of the Army's ("Agency") admitted breach. Because on the particular facts of this case the Board's decision is not arbitrary, capri-

cious, an abuse of discretion, or otherwise not in accordance with law, we *affirm.*

## Background

On March 30, 1998, Petitioner filed his initial appeal to the Board, appealing his January 1998 removal from his position with the Agency for unsatisfactory performance. On June 23, 1998, Petitioner and the Agency entered into a settlement agreement whereby the Agency would give Petitioner priority consideration for certain positions in Germany for one year and pay Petitioner a lump sum of approximately $15,000 and $2,500 in attorney fees in exchange for Petitioner's settlement of his Board appeal and waiver of any right to judicial or administrative review of the removal. On June 26, 1998, the Board dismissed the appeal pursuant to the parties' settlement agreement.

Petitioner filed a petition for review of the dismissal of his appeal, which the Board denied. The Board, however, forwarded to the administrative judge Petitioner's allegations that the Agency had not complied with the settlement agreement and instructed the administrative judge to treat the allegations as a petition for enforcement. After a series of rulings by the administrative judge and the Board on the sufficiency of evidence establishing a breach of the settlement agreement by the Agency, the Agency submitted evidence and argument showing that it had mistakenly deleted Petitioner's name from the Agency's "priority consideration database," thereby denying him the consideration to which he was entitled under the settlement agreement.

On February 22, 2000, the administrative judge conducted a teleconference with Petitioner and the Agency, during which Petitioner was advised that he had the choice between setting aside the agreement and reinstating his appeal, or enforcing the agreement. Petitioner was advised that, should he choose to reinstate his appeal, he would be required to return all of the money he received pursuant to the settlement agreement. After a series of teleconferences between the administrative judge and the parties, Petitioner informed the administrative judge, by written submission dated August 22, 2000, that he wanted to rescind the settlement agreement and reinstate his appeal, but that he could not pay back the money he received due to his insolvency.

On September 15, 2000, the administrative judge issued a Recommendation declining to rescind the settlement agreement because Petitioner would not pay back the money received pursuant to that agreement, and recommending that the Agency fully comply, nunc pro tunc, with terms of the settlement agreement by giving Petitioner priority consideration for a 1–year period beginning October 1, 2000.

On October 13, 2000, Petitioner filed a "Request for Review" with the Board, arguing that the administrative judge erred in refusing to rescind the settlement agreement. On August 22, 2003, the Board issued its Final Order, finding no error in the administrative judge's determination that the settlement agreement could not be rescinded without the repayment of money received pursuant to the agreement.[1] The Board also found that the Agency had submitted documents showing that it fully complied with the administrative judge's September 15, 2000 Recommendation. Accordingly, the Board

---

1. We were not told why the Board had the Request under consideration for nearly three years.

dismissed Petitioner's petition. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

This court's role in reviewing Board decisions is limited: we must affirm the Board decision unless it was (1) arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c).

On appeal to this court, Petitioner argues that the Board decision refusing to reinstate his appeal without his *first* repaying the money received pursuant to the settlement agreement was arbitrary and capricious because, according to Petitioner, there is no absolute requirement under Board case law or the common law that all money must be repaid *prior to* rescission of a settlement agreement. On the contrary, the government argues, Board case law and general common law principles do indeed require that the money be repaid *prior to* rescission.

Both the Board and the government are correct that, at common law, "[w]herever a contract is breached [,] . . . the injured party has the right to sue for damages for the breach or it may rescind the contract; but . . . [it] cannot rescind until [it has] put the defendant in the status quo ante, or at least have offered to do so." *Aktieselskabet Dampskibsselskabet Svendborg v. United States*, 131 Ct.Cl. 399, 406, 130 F.Supp. 363 (1955); *see also First Nat'l S.S. Co. v. United States*, 106 Ct.Cl. 601, 621 (1946) ("Where a compromise payment has been made, and the payee seeks to rescind the compromise agreement, he must in suit tender return of the payment."). However, "in equity, a person

suing to rescind a contract, as a rule, is not required to restore the consideration at the very outset of the litigation." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998). The Restatement of Contracts notes that "[t]he merger of law and equity and modern procedural reforms have made this distinction undesirable, and the rule stated in [the Restatement (Second) of Contracts] reflects the increasing criticism of the rule at law. If the court has the power to assure the required return in connection with any relief that it grants, it is not necessary that there have been a prior return or offer to return." 3 Restatement (Second) of Contracts § 384 cmt. b (1979). And, contrary to the opinion of the administrative judge, the Board has so held in prior cases. *See Stipp v. Dep't of the Army*, 64 M.S.P.R. 124, 128 (1994) (declining to stay the proceedings after rescission of the settlement agreement until the Agency received reimbursement on grounds that the government had shown no irreparable harm, and noting that "[i]n the event that immediate reimbursement does not occur, the Board has the authority to enforce compliance at the conclusion of Board proceedings on the appeal" and that "[i]f the appellant prevails, the amount due may be deducted from any back pay or attorney fee award"), *overruled in part on other grounds, Wisdom v. Dep't of Defense*, 78 M.S.P.R. 652 (1998).

To the extent the Agency believes that Petitioner would be unable to repay in the event the Petitioner loses his reinstated appeal, the Agency ordinarily should seek to stay the proceeding and adduce evidence of irreparable harm. Furthermore, we ordinarily would decline to rule on the Agency's arguments on appeal concerning irreparable harm in the first instance. But here, given Petitioner's unequivocal statement of insolvency and resulting total

inability to repay, the Agency does not bear any burden of proving irreparable harm. Irreparability is self-evident. If Petitioner loses his reinstated appeal, he admits no repayment can occur. Nor could the Board subtract the repayment amount from its award of back pay or attorney fees per *Stipp,* should Petitioner prevail but be awarded less than he has already been paid. In the words of the Restatement, the tribunal lacks "the power to assure the required return" because Petitioner lacks any source for repayment, and the Board lacks the authority to compel repayment through contempt powers or award damages to the government.

Accordingly, because on this record the decision of the Board is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or otherwise reversibly erroneous, we affirm.